**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, NY 10278*

October 29, 2026

**By ECF**
The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

**Re: *United States v. Yih-Shyan "Wally" Liaw, et al.*, 26 Cr. 100 (ER)**

Dear Judge Ramos:

The Government writes in response to the defendant's request to adjourn the trial in this case. *See* Dkt. 67. The basis for the defendant's request is his purported inability to adequately prepare for a trial that is still five months away, despite having received most of the discovery months ago. *See id*. For the reasons set forth below, the defendant's request should be denied. However, to the extent the Court is inclined to grant an adjournment, and subject to the Court's availability, the Government respectfully requests that any adjournment be for no more than five weeks (*i.e.*, no later than May 3, 2027).[1]

As an initial matter, the defendant's principal assertion that "most" of the discovery was produced after the June 10, 2026 conference is incorrect. *See* Dkt. 67 at 2. By the June 10 conference, substantially all the Rule 16 discovery in the Government's possession at the time had been produced. In particular, by April 2026, within weeks of the defendant's arraignment, the Government had produced, among other things, (i) full extractions of the defendant's electronic devices and accounts, (ii) search warrant applications outlining much of the Government's anticipated trial proof; (iii) numerous communications between and among the defendant and co-conspirators, including machine translations of thousands of chats between the defendant and co-defendant Willy Sun; (iv) banking and shipping records; (v) video surveillance; (vi) Department

[1] Earlier this month, defense counsel informed the Government that it intended to request an adjournment until October 2027; the Government advised that, while it did not believe an adjournment was warranted, it was amenable to an adjournment of up to five weeks. Shortly before filing the instant request, defense counsel proposed a June 2027 trial date. The Government informed defense counsel that two of the undersigned AUSAs currently have trials scheduled in June 2027 that would likely conflict with a summer trial date in this case. Defense counsel then filed its request to adjourn the trial date to June 1, 2027 or later. *See* Dkt. 67.

of Commerce license determinations; and (vii) materials received from third parties. *See, e.g.*, Dkt. 65 at 6-7. Indeed, by June 10, 2026, the Government had produced approximately 1.4 of the approximately 1.8 terabytes of data produced to date.

The discovery produced since the June 10 conference has largely consisted of material that either was not in the Government's possession at the time or was under review pursuant to search warrants.[2] For example, the Government has made rolling productions, in near real time, of documents and communications it has received from third parties as part of its ongoing investigation. *See* Dkt. 65 at 7. Those materials have been produced to the defense approximately every two to three weeks since June 2026—giving the defense ample time to process and review those materials as they come in. Similarly, since June 2026, the Government has made several productions of identified data from accounts and devices seized pursuant to search warrants; however, a substantial amount of that material is duplicative of previously produced data, including from the defendant's own devices and accounts. The defense has therefore had months to review many of these materials as well. In any event, the Government has nearly completed its identified data review and understands from counsel for the third parties that have been providing materials in response to existing subpoenas and/or voluntary requests that their productions are either complete or substantially complete. The defendant's complaints about an ever-growing volume of discovery that he purportedly cannot review in time for trial, which remains five months away, thus fall flat.

Likewise, the defendant's claims that he is disadvantaged because certain discovery materials are in foreign languages, and because of the format in which certain materials have been produced, do not counsel in favor of an adjournment. *See* Dkt. 67 at 4. For example, while the defendant argues that a substantial amount of the communications produced in discovery are in Chinese, he acknowledges that many of those communications are his own. *See id.* at 2. The defendant is also a fluent Chinese speaker who is represented by an experienced team of attorneys in New York and California, including a Chinese-speaking attorney. And as reflected in the defendant's letter, his defense team appears to have hired consultants to assist in processing foreign language materials and is also relying on machine translation technology. *See id.* at 4. Thus, while the defense may encounter certain challenges with machine translations (much like the challenges the Government also encounters), this case is no different than any other involving foreign language evidence. Nor does the format in which certain of the data was produced support an adjournment request. *See id.* at 4. The discovery has been produced to the defense in the way it was received and/or extracted by the Government. To the extent the defense has difficulty in reviewing some of that data using "standard eDiscovery software or ordinary computer applications," *id.*, the Government also faces those difficulties. Regardless, the defendant acknowledges that he has retained a vendor to develop a "customized process" to review certain evidence, *see id.*, and thus appears to have largely addressed the issue that he claims supports his request for a trial adjournment.

---

[2] In August 2026, the Government obtained access to the full contents of co-defendant Willy Sun's devices and electronic accounts, which were then promptly produced to the defense.

At bottom, the defendant's arguments in support of an adjournment request fail. He is a sophisticated businessman who is familiar with many of the types of records produced in this case based on his role at the U.S. Manufacturer and because many of the communications and media files at issue are his own. He is represented by a team of well-resourced attorneys across two firms who have been receiving discovery on a rolling basis since April 2026 and have been actively engaged, including with outside vendors and consultants, in reviewing that discovery. Moreover, the defendant is on bail and free to meet with his team of attorneys at his leisure, in person or virtually, to continue reviewing discovery and preparing his defense. There is no reason why he cannot be ready for a March 29, 2027 trial.

Accordingly, the Court should deny the defendant's adjournment request. To the extent the Court is inclined to grant an adjournment, however, the Government respectfully requests that it be no later than May 3, 2027, subject to the Court's availability. Such an adjournment (i) would give the defendant additional time to prepare for trial, (ii) is not meaningfully shorter than the June 1, 2027 date he has requested, and (iii) would account for the pre-existing trial schedule of Government counsel that investigated and charged this case.[3]

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney

By: /s/
Juliana N. Murray
David J. Robles
Kevin T. Sullivan
Assistant United States Attorneys
(212) 637-2314 / -2550 / -1587

JOHN A. EISENBERG
Assistant Attorney General for National Security

By: /s/
Brett Ruff
Trial Attorney
(202) 616-0736

[3] The Government intends to file its motions *in limine*, voir dire, and jury instructions pursuant to the Court's standard practice. *See* June 10, 2026 Tr. at 7-8. As to the defendant's request to set a schedule for other deadlines, *see* Dkt. 67 at 4, the Government respectfully requests that the Court permit the parties to file a joint proposal within two weeks of ruling on the adjournment request.